### Ex parte FISCHER.

(District Court, D. New Jersey. October 28, 1918.)

ARMY AND NAVY ⊝20—SELECTIVE DRAFT ACT—CLASSIFICATION OF REGISTRANTS.

A man inducted into the service under the Selective Draft Act, but who was a few days afterward discharged through error, *held* properly classified in the same position he occupied before the error was committed.

Application by Frederick Fischer for writ of habeas corpus. Writ denied.

Alex. S. Aleinekoff, of New York City, for petitioner.
Andrew J. Steelman, Asst. U. S. Atty., of Jersey City, N. J., for the United States.

HAIGHT, District Judge. This case presents a rather unusual situation. The relator was found qualified and certified for military service in August of 1917 by Local Board, division 164, of New York City. He had presented a claim to that board for discharge, based upon the ground that he was a married man with a wife dependent upon him for support. The local board disallowed the claim. Upon appeal, the district board reversed the local board; but subsequently, after some correspondence between the local board and the district board, the district board reversed its former action, and affirmed the local board. The respondent was thereon, on November 20, 1917, inducted into military service and taken to Camp Upton, in New York state, where he was enrolled as a private in the First Company of the One Hunded and Fifty-Second Depot Brigade of the Seventy-Seventh Division. In the meanwhile he petitioned the adjutant general of New York state to reopen his case and order his discharge from military service on the ground before mentioned. On November 27th his name appeared in Special Orders 96, paragraph 20, issued by the commanding general at Camp Upton on that day, as among those to be discharged from service, because they had been respectively inducted therein "through error." An honorable discharge was thereupon granted to the relator by the commanding officer.

The local board, being advised of the action taken by the commanding officer, endeavored to ascertain from the military authorities the cause of the relator's discharge. The upshot of the investigation which the local board made was that the relator had been discharged through

error. The relator, after his discharge, filled out and filed the questionnaire required by the regulations promulgated by the President on the 8th of November, 1917. In the questionnaire he asked for deferred classification upon the ground that he was a married man with a wife dependent upon him for support. The local board disallowed the claim and classified him in class 1–I, and on appeal the district board affirmed the action of the local board. The local board's reason for classifying him in 1–I, and presumably the action of the district board in affirming the former's action, was that, although the relator might, under the facts as divulged by the questionnaire and the other facts which were before them, exclusive of the induction into military service and discharge therefrom, be entitled to be classified in 2–B, in view of the fact that he had been inducted into military service under the old regulations, and had been discharged from service through error, that he should be classified in 1–I (which class is not provided for specifically in the regulations, but is found in the questionnaire which was attached to and became part of the regulations), as a person not included in any other division specified in the schedule attached to the questionnaire.

Their action in this respect, I think, was correct. If the relator was discharged from military service through error (and I think that there was ample evidence before the board to justify their conclusion in that respect), manifestly he should be placed in the same position as he occupied before the error was committed, namely, in the position of a person subject to be immediately inducted into military service. If this is not correct, we would have presented a situation where a person who, through error committed by the military authorities, would be placed in a position more advantageous to him (being a person not desiring to perform military service) than other persons of the same class, and without the possibility of rectifying the error thus committed. This follows because, if he cannot be classified in class 1, he would have to be classified in class 2–B under the board's finding of dependency, etc. The placing of him in that class would relieve him from military service for a long time, and possibly for all time. Thus it would be made to appear that an error would be the means whereby this man could be relieved of military service, or, at least, the service could be indefinitely postponed, even though the error was later found out. I cannot bring myself to believe that any such result was ever intended by the regulations, or that it would be in harmony therewith. Furthermore, section 177 of the regulations would seem to be applicable to this situation, as the relator was not classified until that provision of the regulations of November 8, 1917, became effective.

Consequently my conclusion is, upon the whole case, that the writ should not be issued, and that the rule to show cause before issued should be dismissed.